Douglas Han (SBN 232858)
dhan@justicelawcorp.com
Shunt Tatavos-Gharajeh (SBN 272164)
statavos@justicelawcorp.com
Jason Rothman (SBN 304961)
jrothman@justicelawcorp.com
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

Attorneys for Plaintiffs Terry Bowman and Mario Soto,
on behalf of themselves and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY BOWMAN and MARIO SOTO, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> ABF FREIGHT SYSTEM, INC., an Arkansas corporation; and DOES 1 through 100, inclusive <br><br> Defendants. | Case No.: 4:21-cv-07921-JST <br><br> Assigned for All Purposes to: <br> Honorable Jon S. Tigar <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1. Failure to Pay Minimum Wages; <br> 2. Failure to Pay Wages Under Labor Code § 1194; <br> 3. Violation of Labor Code §§ 226(a); <br> 4. Violation of Labor Code § 203; <br> 5. Reimbursement of Necessary Expenditures Under Labor Code § 2802; and <br> 6. Violation of Business & Professions Code § 17200 *et seq.* <br><br> Complaint Filed: September 7, 2021 <br> Removed On: October 8, 2021 <br> Trial Date: None <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Terry Bowman, individually, and Mario Soto, individually, (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1.    Plaintiffs bring this action on behalf of themselves and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendant ABF FREIGHT SYSTEMS, INC., an Arkansas corporation, and DOES 1 through 100 (all defendants being collectively referred to herein as "Defendants"). Plaintiffs allege that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress for these violations..

2.    Upon information and belief, the same violations Plaintiffs endured at Defendants' Stockton, Oakland, and Bakersfield, California locations were also experienced by all non-exempt hourly employees working for Defendants throughout California. Plaintiffs were employed by Defendants and (1) shared similar job duties and responsibilities, (2) were subjected to the same policies and practices, and (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions throughout California.

## THE PARTIES

**A.    The Plaintiffs**

3.    Plaintiff Terry Bowman has resided in Stanislaus County and, during the time period relevant to this Complaint, was employed by Defendants as truck driver within the State of California, based out of Defendants' facility in Stockton and Oakland, California.

4.    Plaintiff Mario Soto has resided in Kern County and, during the time period relevant to this Complaint, was employed by Defendants as truck driver within the State of California, based out of Defendants' facility in Bakersfield, California.

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT

**B.    The Defendants**

5.    Upon information and belief, Defendant ABF FREIGHT SYSTEMS, INC. ("ABF") is an Arkansas corporation and lists its principal offices in Fort Smith, Arkansas. Upon information and belief ABF has been listed as the employer on the wage statements, and other employment related documentation, issued to Plaintiffs, and upon information and belief, the other Class Members, during the relevant time period.

6.    The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

7.    Plaintiffs are informed and believe and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, issued policies governing their employment, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

8.    Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

9.    Whenever and wherever reference is made to individuals who are not named as a Defendant in this Complaint but were agents, servants, employees and/or supervisors of

1    Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope

2    of their employment.

3                          **JURISDICTION AND VENUE**

4          10.    This Court has jurisdiction over this Action pursuant to California <u>Code of Civil</u>

5    <u>Procedure</u> § 410.10 and California <u>Business & Professions Code</u> § 17203. This Action is brought

6    as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California

7    <u>Code of Civil Procedure</u> § 382. Venue as to Defendants is also proper in this judicial district

8    pursuant to California <u>Code of Civil Procedure</u> § 395 *et seq*. Upon information and belief, the

9    obligations and liabilities giving rise to this lawsuit occurred at least in part in Alameda County.

10   Defendants maintain and operate company facilities in Alameda county, and employs Plaintiffs

11   and other Class Members throughout California.

12                          **FACTUAL BACKGROUND**

13         11.    The Employees who comprise the Class, including Plaintiffs, are non-exempt

14   employees pursuant to the applicable Wage Order(s) of the IWC. Defendants hire hourly

15   employees who work in non-exempt positions at the direction of Defendants in the State of

16   California. Plaintiffs and Class Members were either not paid by Defendants for all hours worked

17   or were not paid at the appropriate minimum and regular rates. Plaintiffs contend that Defendants

18   failed to pay Plaintiffs and Class Members all wages due and owing to their detriment.

19         12.    As discussed in detail below, Defendants' employment practices resulted in (i)

20   Class Members performing off-the-clock pre-shift and post-shift work without compensation (ii)

21   rounding down of hours worked to either a quarter of an hour or to Class Members shift schedules

22   (iii) the under-recording of all hours worked, resulting in failure to pay minimum wages for all

23   hours worked, (iv) failure to furnish accurate wage statements, (v) failure to reimburse all

24   necessary business expenditures, and (vi) failure to timely pay Class Members upon separation.

25   Defendants' conduct thus violated various provisions of the California <u>Labor Code</u> and applicable

26   Wage Orders.

27         13.    The work performed by Plaintiffs and the other Class Members was that of a non-

28   exempt employee. While the Plaintiffs worked different hours and days from each other, and their

schedules may have differed, they each suffered the same wage and hour violations as detailed below. More specifically, Plaintiffs worked as truck drivers for Defendants, driving Defendants' products between different locations/facilities in and out of California.

14. Plaintiff Terry Bowman[1] ("Plaintiff Bowman") was employed by Defendants between August of 2018 through February of 2019. Plaintiff Bowman would drive both local routes and routes that would have him cross state lines, such as to Oregon. Because of this Plaintiff Bowman did not work strict hours on a Monday through Friday basis. Plaintiff Bowman would work shifts that lasted twelve (12) to fourteen (14) hours, if not longer, or sometimes double shifts of about ten (10) hours each. Plaintiff Bowman would typically drive out of state one (1) to two (2) times per week, with the majority of his routes taking him to local destinations within California. Plaintiff Bowman averages that he drove these local routes two (2) to three (3) times per week. These local routes would often start in Stockton and then take him to either Sacramento or the Oakland facility. When Plaintiff Bowman drove to Defendants' Oakland facility he would drive a truck route that went between Oakland and San Jose.

15. Plaintiff Mario Soto[2] ("Plaintiff Soto") was employed by Defendants between February of 2017 to October of 2019. Plaintiff Soto would only drive local routes and would typically start his routes at Defendants Bakersfield facility. Plaintiff Soto also did not have a set Monday through Friday schedule as Defendants' supervisors would call him in the morning and let him know his schedule, which could range from eight (8) to fourteen (14) or sixteen (16) hours per shift.

16. Pre-shift and post shift hours worked occurred in many different ways, all to Plaintiffs' detriment. As truck drivers Plaintiffs' routes were subject, in part, to the ebb and flow of traffic. However, working hours such as overtime had to be pre-approved by Defendants supervisors. This practice translated into extra pressure for Plaintiffs and Class Members to work off the clock to avoid getting in trouble for working additional hours that may or may not be

---

[1] According to the time sheets within Plaintiffs counsel's possession, Plaintiff Bowman had a regular hourly wage of $22.439200, with some truck routes affording him an hourly wage of $33.658800. Plaintiff Bowman was also reimbursed mileage at the rate of .559614 for select mileage requirements.

[2] According to the time records within Plaintiffs counsel's possession, Plaintiff Soto had a fluctuating hourly rate of between $16.00 to $25.6263 during his employment with Defendant.

approved. Plaintiffs and, upon information and belief, Class Members, would regularly clock out after they finished their route to and perform post-shift vehicle inspections and/or outbound duties all while off the clock, to their detriment. Pre-shift off the clock vehicle inspections also occurred in the same fashion instead Class Members would wait to clock in until their were about to begin their route, performing pre-shift vehicle inspection while off the clock and to their detriment. On average, Plaintiffs estimate that they occurred about fifteen (15) to twenty (20) minutes of off the clock activities multiple times per week.

17.     Plaintiffs also contend Defendants' policy and practice of rounding time entries to conform to shift schedules and/or to the nearest quarter of an hour is not neutral and results, over time, to the detriment of Class Members by systematically under-compensating them. Thus, Plaintiffs and Class Members worked longer hours than recorded by Defendants, and this off the clock work resulted in minimum and regular wage hours accruing earlier than when Defendants started paying them in a work shift. When coupled with Plaintiffs and Class Members working longer pre-shift and post-shift hours off the clock and without compensation, this resulted in substantial regular hours worked under the control and authority of Defendants during each work shift that remained unpaid.

18.     This was an intentional and calculated practice of Defendants to avoid paying Class Members all duly owed wages. Thus, Class Members worked longer hours than recorded by Defendants. This above-mentioned off-the-clock work also resulted in earned hours accruing earlier than when Defendants started paying them in a work shift. Defendants rounding, coupled with Plaintiffs and Class Members working longer pre/post-shift hours off the clock and without compensation, results in substantial regular hours worked under the control and authority of Defendants during each work shift that remain unpaid. Defendants' unlawful conduct was driven, upon information and belief, by the decision to pay Class Members based on their scheduled shift times rather than the hours they actually worked.

19.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wages for all time worked as required by California Law and

in violation of the <u>Labor Code</u> § 1197, IWC Wage Order MW-2014, and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Defendants' willful actions resulted in the systematic underpayment of wages to Class Members over a period of time.

20.     Defendants also consistently failed to issue accurate itemized wage statements as required by <u>Labor Code</u> § 226(a). The wage statements are required to show the total hours worked by Class Members, amongst other items detailed below, which they do not. The absence of showing total hours worked, due to rounding and off the clock work as described above, lead to confusion about how many hours were actually worked and at which rates per pay period.

21.     From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have also had a consistent policy of failing to pay all wages owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

22.     Defendants' management also did not reimburse Plaintiffs and Class Members for all necessarily incurred expenses in performance of their job duties. Plaintiffs incurred personal cellular phone expenses in the performance of their job duties that were uncompensated for. For example, Plaintiffs allege that they and Class Members had to use their cell phones to speak to their supervisors on a regular and continuous basis.

23.     In light of the foregoing, Plaintiffs bring this action on behalf of themselves and on behalf of all similarly situated Employees, pursuant to, *inter alia*, <u>Labor Code</u> §§ 201, 202, 203, 204, 218.5, 218.6, 226, 512, 558, 1174, 1185, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11000 *et seq*.

24.     Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-17208, Plaintiffs and their fellow Class Members seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of <u>Labor Code</u> and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

/ / /

/ / /

/ / /

**CLASS ALLEGATIONS**

25.     Plaintiffs brings this class action on behalf of themselves an all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiffs seeks to represent a Class (or "the Class" or "Class Members") defined as follows: "All current and former hourly paid or non-exempt employees of Defendants, within the State of California, at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period")."

26.     Further, Plaintiffs seeks to represent the following Subclasses composed of and defined as follows:

    a.     Subclass 1.  Minimum Wages Subclass.  All Class Members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

    b.     Subclass 2.  Wages Subclass.  All Class Members who were not compensated for all hours worked for Defendants at the required rates of pay.

    c.     Subclass 3.  Wage Statement Subclass. All Class Members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

    d.     Subclass 4.  Expense Reimbursement Subclass. All Class Members who incurred necessary and reasonable expenses in connection with performing their job duties for Defendants and who were subject to a policy and/or practice under which such expenses were not reimbursed.

    e.     Subclass 5.  Termination Pay Subclass. All Class Members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

    f.     Subclass 6.  UCL Subclass. All Class Members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

27.     Plaintiffs reserve the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

28.     Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate compensation for the time worked by the Plaintiffs and the other members of the Class, even though Defendants enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class Members wages to which they are and were entitled to in order to unfairly cheat the competition and unlawfully profit.

29.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in litigation and proposed Class is easily ascertainable.

**A.      Numerosity**

30.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants employ or, during the time period relevant to this lawsuit, employed hundreds of Employees who satisfy the Class definition within the State of California.

31.     Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiffs alleges that Defendants' employment records will provide information as to the number and location of all Class Members.

**B.      Commonality**

32.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include:

a.  Whether Defendants failed to pay Employees minimum wages;

b.  Whether Defendants failed to pay Employees wages for all hours worked;

c.  Whether Defendants violated <u>Labor Code</u> § 2802 by failing to reimburse necessary business related expenses;

d.  Whether Defendants violated <u>Labor Code</u> § 226(a) by providing Class Members with inaccurate wage statements;

e.  Whether Defendants violated <u>Labor Code</u> § 204 by failing to timely pay wages;

f.  Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

g.  Whether Defendants' conduct was willful;

h.  Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

i.  Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all Employees during the relevant time period for all hours worked;

j.  Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*; and

k.  Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.   Typicality**

33.  The claims of the named Plaintiffs are typical of those of the other Employees. The Class Members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.   Adequacy of Representation**

34.  Plaintiffs will fairly and adequately represent and protect the interest of the Class

Members. Counsel who represents the Class Members are experienced and competent in litigating employment class actions.

**E.    Superiority of Class Action**

35.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to properly compensate Employees.

36.    As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class Members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class Members. Further, as the economic or other loss suffered by vast numbers of Class Members may be relatively small, the expense and burden of individual actions makes it difficult for Class Members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

37.    Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties in managing this case that should preclude class treatment. Plaintiffs contemplate the eventual issuance of notice to the proposed Class Members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

38.    Defendants, as a prospective and actual employer of the Employees, had a special fiduciary duty to disclose to prospective Class Members the true facts surrounding Defendants'

pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

39.     Plaintiffs and Class Members did not discover the fact that they were entitled to all pay under the <u>Labor Code</u> until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs' and Class Members wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs and Class Members discovered their claims.

## **<u>FIRST CAUSE OF ACTION</u>**

### **FAILURE TO PAY MINIMUM WAGES**

### **(Against All Defendants)**

40.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

41.     Defendants failed to pay Class Members minimum wages for all hours worked and provided them with inaccurate wage statements that prevented Plaintiffs and Class Members from learning of these unlawful pay practices.

42.     Employees worked hours and did not receive wages, including as alleged above in connection with off-the-clock work and rounding. Defendants, and each of them, have required Class Members to submit manually rounded time records that reflect shift schedules instead of actual time worked, which resulted in off-the-clock work and underpayment of all wages owed to employees over a period of time, while benefiting Defendants. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a

whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiffs and the other members of the Class as to minimum wage pay.

43.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

44.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

45.     The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

46.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at least at the statutory or agreed upon rate, and no part of this rate may be used as a credit against a minimum wage obligation.

47.     In committing these violations of the California Labor Code, Defendants inaccurately recorded or incorrectly calculated the time worked, and consequently underpaid the actual time worked by Plaintiffs and other members of the Class. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and

FIRST AMENDED CLASS ACTION COMPLAINT

regulations. As a result of these violations, Defendants also failed to timely pay all wages earned in accordance with California <u>Labor Code</u> § 1194.

48.     California <u>Labor Code</u> § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

49.     In addition to restitution for all unpaid wages, pursuant to California <u>Labor Code</u> § 1197.1, Plaintiffs and Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

50.     Pursuant to California <u>Labor Code</u> § 1194.2, Plaintiffs and Class Members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

51.     Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

52.     Wherefore, Plaintiffs and Class Members are entitled to recover the unpaid minimum wages, liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California <u>Labor Code</u> § 1194(a). Plaintiffs and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California <u>Labor Code</u> and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to Class Members who have terminated their employment, Defendants' conduct also violates <u>Labor Code</u> §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California <u>Labor Code</u> § 203, which penalties are sought herein on behalf of these Class Members. Defendants' failure to timely pay all wages owed also violated <u>Labor Code</u> § 204 and resulted in violations of <u>Labor Code</u> § 226 because they resulted in the issuance of inaccurate

wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiffs and other Class Members are entitled to seek and recover statutory costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES UNDER LABOR CODE § 1194

### (Against All Defendants)

53.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

54.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

55.     Defendants had a consistent policy of not paying Employees wages for all hours worked, including by requiring off the clock work under-reporting actual hours worked, as detailed above.

56.     Defendants, and each of them, have intentionally and improperly required Plaintiffs and Class Members to work off the clock to avoid paying Plaintiffs and Class Members all earned and owed straight time and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Based on information and belief, Defendants did not make available to Employees a reasonable protocol for fixing incorrect time entries, to the Employee's detriment.

57.     Plaintiffs and Class Members were required to work pre-shift and post-shift hours off the clock without being paid minimum wages and regular wages.

58.     All of this time was unrecorded and resulted in "off the clock" work.

/ / /

/ / /

/ / /

59. Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of regular wages owed, as required by California law, violates the provisions of <u>Labor Code</u> § 1198, and is therefore unlawful.

60. Additionally, <u>Labor Code</u> § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." <u>Labor Code</u> § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the <u>Labor Code</u> regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiffs and Class Members seek the remedies set forth in <u>Labor Code</u> § 558.

61. Defendants' failure to pay compensation in a timely fashion also constituted a violation of California <u>Labor Code</u> § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California <u>Labor Code</u>, Defendants have failed to pay all wages earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California <u>Labor Code</u> § 204.

62. Employees have been damaged by these violations of California <u>Labor Code</u> § 204 (and the relevant orders of the Industrial Welfare Commission).

63. Consequently, pursuant to California <u>Labor Code</u>, including <u>Labor Code</u> §§ 204, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages, with interest, plus their reasonable

attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

64. Further, Plaintiffs and Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 210 and 1194.

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

65. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

66. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

67. Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages due do to Defendants systematic rounding policy and/or altering timekeeping entries to the detriment of Class Members, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

68. Throughout the liability period, Defendants intentionally failed to furnish to Plaintiffs and Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee

identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code</u> § 226, amongst other statutory requirements. Defendants knowingly and intentionally failed to provide Plaintiffs and Class Members with such timely and accurate wage and hour statements.

69.     Plaintiffs and Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and be entitled to penalties under <u>Labor Code</u> § 226(e), as the Defendants have failed to provide wage statements with accurate and complete information as required by any one or more of items <u>Labor Code</u> § 226 (a)(1) to (9), inclusive, and the Plaintiffs and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of <u>Labor Code</u> § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

70.     Therefore, as a direct and proximate cause of Defendants' violation of <u>Labor Code</u> § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

71.     Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

72.     Labor Code § 226.3 further provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." To the extent that Labor Code § 226.3 applies, Plaintiffs also seek such penalties on behalf of themselves and the other Class Members.

## FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 203

### (Against All Defendants)

73.     Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

74.     Numerous Employees, including Plaintiffs, are no longer employed by Defendants; they either quit Defendants' employ or were fired there from.

75.     Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

76.     The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

77.     Defendants failed to pay Plaintiffs and Class Members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular wages, including by failing to pay for all hours worked or requiring off the clock work. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

78.     Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties

under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## FIFTH CAUSE OF ACTION

### FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES, LABOR CODE § 2802

### (Against All Defendants)

79. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

80. Plaintiffs and Class Members are informed and believe and based thereon allege that throughout the period applicable, Defendants compelled Plaintiffs and Class Members to pay out-of-pocket for necessary work related expenses they incurred in the form of personal cellular phone usage, a requirement for employment with Defendants.

81. Plaintiffs and Class Members were not reimbursed for these lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

82. Therefore, Plaintiffs and Class Members are entitled to reimbursement for any and all necessary work-related expenses, as provided for in Labor Code § 2802(b), incurred during the direct discharge of their duties while employed by Defendants, as well as accrued interest on those expenses that were not reimbursed from the date Plaintiffs and Class Members incurred those expenses.

83. Further, Plaintiffs and Class Members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

## SIXTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

### (Against All Defendants)

84. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

85. Plaintiffs, on behalf of themselves, Employees, and the general public, brings this

claim pursuant to <u>Business & Professions Code</u> § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure</u> § 1021.5.

86.     Each Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u> § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

87.     <u>Business & Professions Code</u> § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to compensate Plaintiffs and Class Members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California <u>Labor Code</u> and Industrial Welfare Commission requirements in violation of California <u>Business and Professions Code</u> §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California <u>Business & Professions Code</u> § 17203, including restitution of wages wrongfully withheld.

88.     Wage-and-hour laws express fundamental public policies. Paying employees their wages, etc., are fundamental public policies of California. <u>Labor Code</u> § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

89.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the <u>Labor Code</u>, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code</u> § 17200 *et seq*.; which conduct has deprived Plaintiffs, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

90.     Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq.*

91.     Defendants, by engaging in the conduct herein alleged, by failing to pay wages, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq.*

92.     By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor Code including Sections 204, 226, 226.7, 227.3, 512, 1194, 1197, 1198, and 2802 for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

93.     As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

94.     Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for the following relief:

1.     For an order certifying this action as a class action;

2.     For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees from at least four (4) years prior to the filing of this action, as may be proven;

3.      For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.      For compensatory damages in the amount of all unpaid wages, as may be proven;

7.      For penalties pursuant to <u>Labor Code</u> § 226(e) for Employees, as may be proven;

8.      For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of <u>Labor Code</u> § 221, as may be proven;

9.      For penalties pursuant to <u>Labor Code</u> § 203 for all Employees who quit or were fired in an amount equal to their daily wages times thirty (30) days, as may be proven;

10.     For restitution for unfair competition pursuant to <u>Business & Professions Code</u> § 17200 *et seq*., including disgorgement or profits, as may be proven;

11.     For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

12.     For all general, special, and incidental damages as may be proven;

13.     For an award of pre-judgment and post-judgment interest;

14.     For an award providing for the payment of the costs of this suit;

15.     For an award of attorneys' fees; and

16.     For such other and further relief as this Court may deem proper and just.


DATED: November 12, 2021                    **JUSTICE LAW CORPORATION**


By: <u>/s/ Jason Rothman_____</u>
        Douglas Han
        Shunt Tatavos-Gharajeh
        Jason Rothman
        Attorneys for Plaintiffs Terry Bowman and
        Mario Soto, and all similarly situated

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

DATED: November 12, 2021                    **JUSTICE LAW CORPORATION**


                                   By: /s/ Jason Rothman_____
                                       Douglas Han
                                       Shunt Tatavos-Gharajeh
                                       Jason Rothman
                                       Attorneys for Plaintiffs Terry Bowman and
                                       Mario Soto, and all similarly situated